UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BLUE MARLIN OILFIELD & EQUIPMENT RENTALS, INC., DOVE DEVELOPMENT & LAND RENTALS, L.L.C., DOVE DEVELOPMENT & LAND, L.L.C., & DOVE LAND CORPORATION<br><br>Plaintiffs,<br><br>– Versus –<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, TRANSVERSE SPECIALTY INSURANCE COMPANY<br><br>Defendants | CIVIL ACTION No.:<br><br>JUDGE:<br><br>MAG. JUDGE:<br><br>**JURY DEMAND** |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, come Complainants, **BLUE MARLIN OILFIELD & EQUIPMENT RENTALS, INC., DOVE DEVELOPMENT & LAND RENTALS, L.L.C., DOVE DEVELOPMENT & LAND, L.L.C.**, and **DOVE LAND CORPORATION** (each a "*Complainant*" and collectively, "*Complainants*") who hereby submit this Original Complaint, to wit:

**I.      PARTIES**

1.

The above listed Complainants are made Plaintiffs herein.

2.

The following parties are made Defendants herein:

a) **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON** (hereinafter "*Lloyd's*"), a foreign company with its principal place of business in London, England;

b) **INDIAN HARBOR INSURANCE COMPANY** (hereinafter "*Indian Harbor*"), a foreign company with its principal place of business in Exton, Pennsylvania;

c) **QBE SPECIALTY INSURANCE COMPANY** (hereinafter "*QBE Specialty*"), a foreign company with its principal place of business in New York, New York;

d) **STEADFAST INSURANCE COMPANY** (hereinafter "*Steadfast*"), a foreign company with its principal place of business in Schaumburg, Illinois;

e) **GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA** (hereinafter "*General Security*"), a foreign company with its principal place of business in New York, New York;

f) **UNITED SPECIALTY INSURANCE COMPANY** (hereinafter "*United Specialty*"), a foreign company with its principal place of business in Bedford, Texas;

g) **LEXINGTON INSURANCE COMPANY** (hereinafter "*Lexington*"), a foreign company with its principal place of business in Boston, Massachusetts;

h) **HDI GLOBAL SPECIALTY SE** (hereinafter "*HDI*"), a foreign company with its principal place of business in Hannover, Germany;

i) **OLD REPUBLIC UNION INSURANCE COMPANY** (hereinafter "*Old Republic*"), a foreign company with its principal place of business in Chicago, Illinois;

j) **GEOVERA SPECIALTY INSURANCE COMPANY** (hereinafter "*GeoVera*"), a foreign company with its principal place of business in Fairfield, California; and

k) **TRANSVERSE SPECIALTY INSURANCE COMPANY** (hereinafter "*Transverse*"), a foreign company with its principal place of business in Princeton, New Jersey

(each a "*Defendant*" and collectively, "*Defendants*").

## II. JURISDICTION AND VENUE

3.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4.

Pursuant to 28 U.S.C. §1391(b), venue is proper in the Eastern District of Louisiana, because the properties that are the subject of this action and where the damages were sustained occurred within the Eastern District of Louisiana.

## III. RELEVANT FACTS

5.

Relevant to the present Complaint, Complainants own the immovable properties with improvements located in the Parish of Terrebonne, State of Louisiana (each "*Property*" and collectively, the "*Properties*"):

    a) 1264 Valhi Boulevard, Houma, Louisiana 70360 ("*Property 1*");

    b) 1254 Valhi Boulevard, Houma, Louisiana 70360 ("*Property 2*");

    c) 198 Alliance Court, Houma, Louisiana 70360 ("*Property 3*");

    d) 184 Alliance Court, Houma, Louisiana 70360 ("*Property 4*");

    e) 178 Alliance Court, Houma, Louisiana 70360 ("*Property 5*");

    f) 2160 Grand Caillou, Houma, Louisiana 70363 ("*Property 6*"); and

    g) 213 Thompson Road, Houma, Louisiana 70363 ("*Property 7*").

6.

Defendants issued the following policies of insurance covering the Properties for damages caused by perils, including hurricanes (collectively, the "*Policies*"):

    a) LLOYD'S issued a policy of insurance to Complainants under Policy No. AMR-70348-01;

    b) INDIAN HARBOR issued a policy of insurance to Complainants under Policy No. AMP7538363-01;

    c) QBE SPECIALTY issued a policy of insurance to Complainants under Policy No. MSP-29943-01;

    d) STEADFAST issued a policy of insurance to Complainants under Policy No. CPP1141114-00;

e) GENERAL SECURITY issued a policy of insurance to Complainants under Policy No. 10T029659-13752-21-01;

f) UNITED SPECIALTY issued a policy of insurance to Complainants under Policy No. USI-26987-01;

g) LEXINGTON issued a policy of insurance to Complainants under Policy No. LEX-014299424-01;

h) HDI issued a policy of insurance to Complainants under Policy No. HAN-24404-01;

i) OLD REPUBLIC issued a policy of insurance to Complainants under Policy No. ORAMPR009238-01;

j) GEOVERA issued a policy of insurance to Complainants under Policy No. GVS-13749-00; and

k) TRANSVERSE issued a policy of insurance to Complainants under Policy No. TSAMPR0003217-00.

7.

On or about August 29, 2021, Hurricane Ida made landfall in Southeast Louisiana causing extensive damage to the Properties and Complainants' personal property and loss of income to Complainants.

8.

Complainants promptly reported the loss to Defendants who assigned claim number SDA4186865 (the "*Claim*").

9.

Complainants immediately took steps to mitigate the damages to best of Complainants' ability.

10.

At some point in time, Sedgwick Delegated Authority ("*SDA*") was retained by Defendants to be the third-party claims administrator for the Claim.

11.

At all pertinent times herein, SDA was acting with actual and/or apparent authority from Defendants.

12.

In or about September 2021, SDA conducted inspections of the Properties to evaluate the Properties for damages sustained as a result of Hurricane Ida (the "*First Inspections*").

13.

On or about October 18, 2021, Complainants sent SDA a demand letter for Property 1 demanding an unconditional tender in the amount of $849,898.62 and enclosed a repair estimate from Skyline Adjusters, LLC itemizing the same amount.

14.

On or about October 29, 2021, Complainants received repair estimates from SDA showing total repair costs of $882,140.43 to repair the damage sustained to the Properties as a result of Hurricane Ida.

15.

On or about November 4, 2021, SDA recommended to Defendants that Defendants tender an unconditional tender in the amount of $882,140.43 net of the deductibles for the damages sustained to the Properties as a result of Hurricane Ida (the "*Unconditional Tender*").

16.

On or about November 12, 2021, Complainants sent SDA a demand letter for the policy

limits on Property 6 and submitted costs incurred invoices and repair estimates from contractors.

17.

On or about November 18, 2021, Complainants sent SDA a demand letter for payment for Property 1 and enclosed costs incurred invoices from the general contractor that represented emergency services and rebuilding efforts

18.

On or about November 30, 2021, Complainants sent SDA a follow up demand letter for the Properties to issue payment on the Unconditional Tender, pay the costs incurred invoices, and approve water remediation protocols previously submitted.

19.

On or about December 15, 2021, Complainants sent SDA a demand letter for Property 5 demanding an unconditional tender in the amount of $204,897.27 and enclosed a repair estimate from Skyline Adjusters, LLC itemizing the same amount.

20.

On or about December 15, 2021, Skyline Adjusters, LLC, acting with authority from Complainants, sent SDA a repair estimate for Property 6 showing the Property is a total loss.

21.

On or about December 16, 2021, SDA conducted another inspection of some of the Properties (the "*Second Inspection*").

22.

By filing the Claim, providing Defendants opportunities to inspect the Properties, Defendants conducting the First Inspections and Second Inspections, SDA recommending to Defendants that Defendants pay the Unconditional Tender, and Complainants submitting: (i) repair

estimates, (ii) costs incurred invoices, (iii) water remediation protocols, (iv) photographic evidence of the property damages; (v) financial statements; (vi) leases, and (vii) other documentation to Defendants, satisfactory proof of loss as required per La. R.S. § 22:1892 and 1973 was accomplished multiple times all more than thirty (30) days from the date of this Complaint.

23.

To date, despite being provided with satisfactory proof of loss multiple times, Defendants have failed to: (i) issue to Complainants the Unconditional Tender; (ii) approve the water remediation protocols; (iii) pay the costs incurred invoices, (iv) pay the amount owed to Complainants on the Claim; and (v) take other actions as will be shown at trial. Due to Defendant's failures as set forth above, Complainants were forced to utilize funds from other sources to repair as much damage to the Properties as feasible and expend an enormous amount of time, money and energy attempting to get Defendants to pay the full value of the Claim.

24.

The failure of Defendants to adequately pay the Claim despite satisfactory proof of loss and the time and manner which the Claim was processed was all arbitrary, capricious, and/or without probable cause, thereby rendering Defendants liable in bad faith in violation of Louisiana law as set forth below.

**IV.   CAUSES OF ACTION**

**A.   Breach of Insurance Contract**

25.

Complainants re-allege and incorporate the above paragraphs as if fully set forth herein.

26.

The Policy is a valid, binding legal insurance contract between Complainants and

Defendants.

27.

The Policy provides coverage to Complainants for physical damage to the Properties and Complainants personal property as a result of Hurricane Ida and loss of business income to Complainant.

28.

Defendants have breached the insurance contract in the following ways:

a) Failing to timely and adequately initiate Complainants' losses per the Claim;

b) Failing to timely and adequately calculate Complainants' losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the Properties;

d) Failing to timely and adequately tender proceeds to cover damage sustained to Complainants' personal property;

e) Failing to timely and adequately tender proceeds to cover Complainants' loss of business income;

f) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

g) Failing to timely and adequately pay the Unconditional Tender;

h) Failing to timely and adequately tender undisputed proceeds after receiving satisfactory proof of loss;

i) Failing to make a written offer to settle the Claim within the time constraints allowed under Louisiana law;

j) Purposely and/or negligently misrepresenting to Complainants the terms and

  conditions of the Policy;

k) Failing to evaluate and process the Claim in good faith and fair dealing;

l) Refusing to timely and adequately communicate with Complainants during the Claims process; and

m) Other ways which will be shown at trial.

29.

Defendants' breach of the insurance contract was in bad faith.

30.

Complainants have fully and satisfactorily performed all its obligations pursuant to the insurance contract, yet Defendants have failed to perform.

31.

As a result of Defendants' breach, Complainants have been damaged as set forth below and continue to incur damages daily.

**B.** **Violation of La. R.S. § 22:1892**

32.

Complainants re-allege and incorporate the above paragraphs as if fully set forth herein.

33.

Pursuant to La. R.S. § 22:1892, Defendants were required to: (a) pay the Claim and make a written offer to settle the Claim within thirty (30) days after receipt of satisfactory proof of loss and (b) initiate loss adjustments within sixty (60) days after notification of loss by Complainants.

34.

The First Inspections, the Unconditional Tender, and/or Second Inspection constituted

satisfactory proof of loss which triggered the statutory deadlines per La. R.S. § 22:1892 to pay the Claim and make a written offer to settle the Claim.

35.

In the alternative, at the latest, the date Complainants provided Defendants repair estimates, costs incurred invoices, photographs of the property damages, water remediation protocols, financial statements, leases, and other documentation which will be shown at trial constituted satisfactory proof of loss which triggered the statutory deadlines per La. R.S. § 22:1892.

36.

Defendants have violated its duties owed to Complainants as set forth above and the violations were arbitrary, capricious, and/or without probable cause.

37.

For Defendant's violations of La. R.S. § 22:1892 as set forth above, Complainants are entitled to recover, in addition to the amount of the Claim, statutory penalties of fifty percent of the amount found to be due from Defendants to Complainants, or one thousand dollars, whichever is greater, as well as reasonable attorney fees and costs.

**C.      Violation of La. R.S. § 22:1973**

38.

Complainants re-allege and incorporate the above paragraphs as if fully set forth herein.

39.

Pursuant to La. R.S. § 22:1973, Defendants owed Complainants a duty of good faith and fair dealing and to adjust the Claim fairly and promptly.

40.

Defendants violated these duties as follows:

a) Failing to timely and adequately initiate Complainants' losses per the Claim;

b) Failing to timely and adequately calculate Complainants' losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the Properties;

d) Failing to timely and adequately tender proceeds to cover damage sustained to Complainants' personal property;

e) Failing to timely and adequately tender proceeds to cover Complainants' loss of business income;

f) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

g) Failing to timely and adequately pay the Unconditional Tender;

h) Failing to timely and adequately tender undisputed proceeds after receiving satisfactory proof of loss;

i) Failing to make a written offer to settle the Claim within the time constraints allowed under Louisiana law;

j) Purposely and/or negligently misrepresenting to Complainants the terms and conditions of the Policy;

k) Failing to evaluate and process the Claim in good faith and fair dealing;

l) Refusing to timely and adequately communicate with Complainants during the Claims process; and

m) Other ways which will be shown at trial.

41.

Defendants' violations of the duties set forth above were arbitrary, capricious, and/or

without probable cause.

42.

For Defendants' violations of La. R.S. § 22:1973, as set forth above, Complainants are entitled to recover, in addition to the amount of the Claim, an amount equal to two times the damages sustained by Complainants, as set forth below, or five thousand dollars, whichever is greater, as well as reasonable attorney fees and costs.

**D.      Violation of LUTPA**

43.

Complainants re-allege and incorporate the above paragraphs as if fully set forth herein.

44.

Defendants are bound by and have violated the Louisiana Unfair Trade Practices Act, La. R.S. § 51:1401, et seq. ("*LUTPA*"), in the following ways:

a) Failing to timely and adequately initiate Complainants' losses per the Claim;

b) Failing to timely and adequately calculate Complainants' losses per the Claim;

c) Failing to timely and adequately tender proceeds to cover damage sustained to the Properties;

d) Failing to timely and adequately tender proceeds to cover damage sustained to Complainants' personal property;

e) Failing to timely and adequately tender proceeds to cover Complainants' loss of business income;

f) Failing to timely and adequately tender proceeds after receiving satisfactory proof of loss;

g) Failing to timely and adequately pay the Unconditional Tender;

h) Failing to timely and adequately tender undisputed proceeds after receiving satisfactory proof of loss;

i) Failing to make a written offer to settle the Claim within the time constraints allowed under Louisiana law;

j) Purposely and/or negligently misrepresenting to Complainants the terms and conditions of the Policy;

k) Failing to evaluate and process the Claim in good faith and fair dealing;

l) Refusing to timely and adequately communicate with Complainants during the Claims process; and

m) Other ways which will be shown at trial.

45.

Defendants' conduct was deceptive, unethical, oppressive, unscrupulous, and substantially injurious to Complainants.

46.

All of the actions, inactions, and omissions spelled out herein constitute unfair and deceptive acts and practices in the conduct of trade or business by Defendants in violation of LUTPA.

47.

For Defendants' violations of LUTPA as set forth above, Complainants have suffered damages, as more fully described below, and are entitled to the relief sought from Defendants including, without limitation, penalties, costs, and attorney's fees as provided in La. R.S. § 51:1409.

E. **Negligent Claims Adjusting**

48.

Complainants re-allege and incorporate the above paragraphs as if fully set forth herein.

49.

For all of the above actions and inactions of Defendants as set forth above, Defendants is liable to Complainants under the legal theory of negligent claims adjusting entitling Complainants to the damages set forth below.

V. **DAMAGES**

50.

Complainants re-allege and incorporate the above paragraphs as if fully set forth herein.

51.

As a direct result of Defendants' actions, inactions, and omissions described above and which will be proven at trial, Complainants are entitled to recover the following from Defendants:

a) Diminution of the value of the Properties;

b) Costs to adequately repair the Properties;

c) Reimbursement for repairs Complainants made to the Properties;

d) Costs for content manipulation to repair the Properties;

e) Loss of business income;

f) Inconvenience;

g) Repair and remediation expenses;

h) Loss of use of enjoyment of the Properties;

i) Loss of business opportunities;

j) Damage to the Properties;

k) Loss of investment value of funds used to offset Defendant's failure to pay, including lost interest;

l) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1892;

m) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 22:1973;

n) Statutory penalties, damages, attorneys' fees, and costs per La. R.S. § 51:1409;

o) Pecuniary and non-pecuniary damages;

p) Penalties, damages, and attorneys' fees;

q) Other professional fees and costs of litigation;

r) Costs of these proceedings;

s) Costs of estimates, estimators, adjusters, professions, and/or experts; and

t) Other damages as will be shown at trial.

## VI. JURY DEMAND

52.

Complainants demands a trial by jury on all issues.

**WHEREFORE**, Complainants, **BLUE MARLIN OILFIELD & EQUIPMENT RENTALS, INC., DOVE DEVELOPMENT & LAND RENTALS, L.L.C., DOVE DEVELOPMENT & LAND, L.L.C.**, and **DOVE LAND CORPORATION**, pray Defendants, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED**

SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, and TRANSVERSE SPECIALTY INSURANCE COMPANY**, be served with a copy of this Complaint and be duly cited to appear and answer the same, and that after due proceedings are had there be judgment in favor Complainants and against Defendants, **CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, OLD REPUBLIC UNION INSURANCE COMPANY, GEOVERA SPECIALTY INSURANCE COMPANY, and TRANSVERSE SPECIALTY INSURANCE COMPANY**, in a principal sum to adequately compensate Complainants for the damages set forth herein, with legal interest thereon from the date of judicial demand until paid in full, attorneys' fees, expenses, all costs of these proceedings, and for all other general and equitable relief this Honorable Court deems lawful, proper, and just.

        Respectfully submitted,

        _____
        **SYE J. BROUSSARD (Bar #33035), T.A.**
        **JACKIE DOVE BROUSSARD (Bar # 33539)**
        **VICTOR M. DANTIN (Bar # 35462)**
        BROUSSARD & DOVE, APLC
        7605 Park Avenue | Houma, Louisiana 70364
        T: 985.868.4800 | F: 985.868.4899
        E:  Sye@BroussardDoveLaw.com
           Jackie@BroussardDoveLaw.com
           Vic@BroussardDoveLaw.com
        *Attorneys for Complainants*